IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**DEBORAH CHAMPLUVIER**                                                   **PLAINTIFF**

**v.**                                                       **No. 2:08CV14-P-A**

**GRAY EVANS**                                                       **DEFENDANT**

**MEMORANDUM OPINION**

This matter comes before the court on the complaint of Deborah Champluvier against Gray Evans, who acted as a judge specially appointed by the Mississippi Supreme Court and presided over the prosecution of Deborah Champluvier on charges of embezzlement. Using the broad rule of construction for *pro se* plaintiffs set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), the court has construed the plaintiff's allegations as claims under 42 U.S.C. § 1983. The court issued an order on April 22, 2008, directing the plaintiff to show cause why the instant case should not be dismissed under 28 U.S.C. § 1915(e)(2)(b) as: frivolous or malicious, for failure to state a claim upon which relief could be granted, or for seeking monetary relief against a defendant who is immune from such relief. The court holds that the claims in this case fail to state a claim upon which relief could be granted – and seek monetary relief against a defendant who is immune from such relief.

**Facts Alleged in the Complaint and Supplemented from the Decisions
of the Mississippi Court of Appeals and the Mississippi Supreme Court**[1]

The plaintiff sets forth two allegations in her complaint. First, she alleges that Gray Evans was not acting in a judicial capacity in presiding over the plaintiff's criminal trial, and was

---

[1]The court takes judicial notice of the record of the plaintiff's state court proceedings in the circuit court, the Mississippi Court of Appeals and the Mississippi Supreme Court. *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976).

thus a private citizen, because "he never took and filed the prescribed oath in the case." Plaintiff's Complaint, p. 3. Second, the plaintiff alleges that the defendant, Judge Gray Evans, in applying Mississippi's criminal embezzlement statute to Champluvier (who held shares a Mississippi Limited Liability Company, rather than a corporation) – and presenting such instructions to the jury.

A jury found Deborah Champluvier guilty of embezzling from the Limited Liability Company of which she was a member. The Mississippi Court of Appeals affirmed the plaintiff's conviction, but three judges dissented, reasoning that the embezzlement statute pertains only to incorporated entities (a category which does not include Limited Liability Companies) – and individuals. The gravamen of the issue discussed by the dissenting judges is that, as a matter of statute, one cannot embezzle from a Mississippi Limited Liability Company. After granting *certiorari* on this issue, the Mississippi Supreme Court agreed with the plaintiff and the dissenters – and reversed and rendered, discharging the plaintiff. Two justices of the Mississippi Supreme Court nonetheless dissented, reasoning that even if the embezzlement statute could not be applied to a member of a Limited Liability Company who takes company assets for her own use, that member has nonetheless stolen from the other members by divesting them of their personal property – their interest in the Limited Liability Company. The majority holding, the dissenters reasoned, "eviscerates the legislative intent and purpose of MISS. CODE ANN. § 97-23-19."

## Standard of Review Under 42 U.S.C. § 1983

The plaintiff brings her claims under § 1983, which provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983 (1976). Thus, the plaintiff must allege that the defendant, Gray Evans, acted under color of state law to deprive the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. The rights the plaintiff has enumerated are due process, equal protection, and freedom from cruel and unusual punishment. For the reasons set forth below, the court finds that the plaintiff has not alleged violation of any of her rights under the Constitution or laws of the United States.

## The Plaintiff's Claims

The plaintiff argues that while presiding over her criminal case defendant Evans "appeared before a trial jury in the Circuit Court of DeSoto County, Mississippi, and presented to this Jury a law this defendant knew [the plaintiff] could not be charged with." Complaint, ¶ 11. Further, the plaintiff argues that defendant Evans may not invoke judicial immunity because he did not take the oath of office and file it on the docket in the plaintiff's criminal case. Complaint, ¶ 14. The plaintiff finally argues that the actions of defendant Evans violated her right to due process under the Fifth Amendment, her right to equal protection under the Fourteenth Amendment, and her right not to be subjected to cruel and unusual punishment under the Eighth Amendment.

## The Validity of the Plaintiff's Claims

The plaintiff has requested to proceed *in forma pauperis* in this case under 28 U.S.C. § 1915. Section 1915(e)(2)(B), however, states, in pertinent part, that the court "shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." The plaintiff's claims appear to suffer from each of these defects.

## Due Process

The Fourteenth Amendment prohibits the government from depriving "any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV. This guarantee affords procedural protections. *Daniels v. Williams,* 474 U.S. 327, 331-32, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). The government must give reasonable notice to an individual of its intention to deprive her of life, liberty, or property. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313-15, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The government must also provide her with a meaningful opportunity to be heard. *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Mullane,* 339 U.S. at 313-14. In short, the Due Process Clause guarantees fundamental fairness in the procedures used during a criminal trial. *Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648 (1967).

The plaintiff in the present case has argued that, although the defendant Judge Gray Evans afforded her an opportunity to be heard, that opportunity was not meaningful because the defendant Evans "tried, convicted and sentenced [the plaintiff] on a law that [Judge Evans] knew [the plaintiff] could not possibly be guilty of . . . ." Complaint, ¶ 7. She thus argues that use of a statute later found by the Mississippi Supreme Court not to apply under the facts of her case

rendered her prosecution fundamentally unfair.  This argument is without substantive merit.

Deborah Champluvier enjoyed full due process protection during the criminal proceedings the state prosecuted against her.  She had notice of the charges against her (the indictment).  She had counsel to represent her, although she decided to represent herself, even after being cautioned by the trial judge of the perils of self-representation.  The trial court ensured that appointed counsel attended trial as standby counsel in case the plaintiff decided she needed assistance.  The plaintiff presented her arguments to the court and jury.  The trial court rejected the plaintiff's argument that she could not have embezzled from a Limited Liability Company under Mississippi's statutory definition of embezzlement.  The jury rejected the plaintiff's arguments and returned a verdict of guilty, finding that the state had proven each element of its case beyond reasonable doubt.  Champluvier then presented her claims to the Mississippi Court of Appeals, which affirmed her conviction, thus rejecting this argument (as well as the other thirteen grounds Champluvier raised on appeal).  Three judges on the Court of Appeals dissented, however.  In reversing the Mississippi Court of Appeals, the Mississippi Supreme Court accepted Champluvier's argument.  This time two justices dissented.  In the end Champluvier prevailed and was released.

The very due process protections the plaintiff now claims she did not receive enabled her to prosecute an appeal of her conviction – and ultimately win her release.  The rules and procedures used during Deborah Champluvier's trial were fair.  The interpretation by Judge Evans under Mississippi's embezzlement statute, MISS. CODE ANN. § 97-23-19, during the state's prosecution of the plaintiff was quite rational.  The statute in question (which was later amended in 2007) at the time read:

> If any director, agent, clerk, servant, or officer of any incorporated company, or if any trustee or factor, carrier or bailee, or any clerk, agent or servant of any private person, shall embezzle or fraudulently secrete, conceal, or convert to his own use, or make way with, or secrete with intent to embezzle or convert to his own use, any goods, rights in action, money, or other valuable security, effects, or property of any kind or description which shall have come or been intrusted to his care or possession by virtue of his office, place, or employment, either in mass or otherwise, with a value of Five Hundred Dollars ($500.00) or more, he shall be guilty of felony embezzlement, and, upon conviction thereof, shall be imprisoned in the Penitentiary not more than ten (10) years, or fined not more than Ten Thousand Dollars ($10,000.00), or both. If the value of such goods, rights in action, money or other valuable security, effects, or property of any kind is less than Five Hundred Dollars ($500.00), he shall be guilty of misdemeanor embezzlement, and, upon conviction thereof, shall be imprisoned in the county jail not more than six (6) months, or fined not more than One Thousand Dollars ($1,000.00), or both.

MISS. CODE ANN. § 97-23-19 (2003). It is undisputed that Deborah Champluvier took assets from the Limited Liability Company of which she was a member and converted them to her own use – even after repeated orders issued by a chancellor not to do so. Indeed, one of her arguments was that the funds were hers to begin with and, thus, she could not convert them. The pivotal issue in the case was whether, under MISS. CODE ANN. § 97-23-19 (2003), a Limited Liability Company was an incorporated entity from which one could embezzle. Judge Evans and a majority of the Mississippi Court of Appeals ruled that a Limited Liability Company and a corporation were similar enough in their function to permit a conviction for such a taking. In its opinion, the Mississippi Court of Appeals noted that Champluvier's interpretation would leave such a taking without penalty under Mississippi criminal law.

Reasonable minds could differ regarding application of this statute to a taking from a Limited Liability Company. Indeed, reasonable minds *did* differ over this issue at every stage of litigation: at trial (Champluvier and Evans), in the Mississippi Court of Appeals (majority

opinion and three dissenters), and in the Mississippi Supreme Court (majority opinion and two dissenters). The issue is a close one, and Judge Evans' interpretation and application of the law were well within the bounds of reason. Champluvier has not pointed to a single part of the proceedings that could be construed as fundamentally unfair. As such, this issue is without merit and must be dismissed.

**Equal Protection**

Put simply, the equal protection clause directs states to treat all similarly situated persons alike. *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). A state government can violate the Equal Protection Clause only by intentional discrimination. *Lavernia v. Lynaugh,* 845 F.2d 493, 496 (5th Cir.1988). "Discriminatory purpose . . . implies more than intent as violation or as awareness of consequences[.] . . . It implies that the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for *the purpose* of causing its adverse effect on an identifiable group[.]" *Id.* (internal quotations, citations, and footnote omitted) (emphasis in opinion). A violation of the equal protection clause can occur only when the governmental action in question classifies or distinguishes between two or more relevant persons or groups. *Brennan v. Stewart,* 834 F.2d 1248, 1257 (5th Cir.1988). Deborah Champluvier's equal protection claim in this case must therefore fail, as she has failed to identify "two or more relevant persons or groups" which the government has classified and treated differently – and to her detriment. *Vera v. Tue*, 73 F.3d 604, 609-10 (5th Cir. 1996). For this reason, the plaintiff's Equal Protection Claim shall be dismissed for failure to state a claim upon which relief could be granted.

**Cruel and Unusual Punishment**

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S.C.A. Const. Amend. 8. Deborah Champluvier was convicted of embezzling from a Limited Liability Company by a jury of her peers. She was incarcerated during part of the time she prosecuted her direct appeal from

her conviction. She eventually won her release when the Mississippi Supreme Court reversed and rendered decision. The court has found that the plaintiff enjoyed due process protection during her criminal proceedings. "The primary purpose of (the Cruel and Unusual Punishments Clause) has always been considered, and properly so, to be directed at the method or kind of punishment imposed for the violation of criminal statutes . . . ." *Powell v. Texas*, 392 U.S. 514, 535, 88 S.Ct. 2145, 2155, 20 L.Ed.2d 1254 (1968) (plurality opinion). Champluvier has not alleged that her imprisonment was unnecessarily harsh, and incarceration is not, in and of itself, cruel and unusual punishment. As such, this allegation shall be dismissed for failure to state a claim upon which relief could be granted.

### Whether Gray Evans Acted as a Judge or Private Citizen

The plaintiff alleges in her complaint that defendant Gray Evans cannot enjoy immunity from suit because he acted as a private citizen and "was not a Judge, as he never took and filed the prescribed oath in the case against [the plaintiff]." Complaint, ¶ 6. The court must reject this contention because it contradicts the factual findings of the Mississippi Supreme Court. Champluvier accepted, then rejected, several attorneys during the proceedings leading up to her trial. *Champluvier v. State*, 942 So.2d 145, 148 (Miss. 2006). In addition, all three state circuit judges in the circuit containing DeSoto County recused themselves. *Id.* For this reason, the Chief Justice of the Mississippi Supreme Court, "[b]y order entered on August 4, 2003 . . . specially appointed Judge Gray Evans to preside and conduct all proceedings in [the state's prosecution of Deborah Champluvier]." *Champluvier v. State*, 942 So.2d 145, 148 (Miss. 2006). Special appointment of a judge in this circumstance is permitted under MISS. CODE ANN. § 9-1-105. Further, neither the Mississippi Constitution, nor statute, nor case law require that a judge

file the judicial oath of office in each case over which he presides. Mississippi Constitution Art. 6, § 155. Indeed, even if the special appointment of Evans to preside over the case was defective, a litigant lacks standing to challenge such defect, as only the state can challenge a judge's right to hold office. *Nelson v. State*, 626 So.2d 121, 125 (Miss. 1993). Finally, this court cannot disturb the finding of the Mississippi Supreme Court regarding the validity of Judge Evans' special appointment because a state supreme court is the final arbiter of the interpretation of that state's law. *Seaton v. Procunier,* 750 F.2d 366, 368 (5th Cir.), *cert. denied,* 474 U.S. 836, 106 S.Ct. 110, 88 L.Ed.2d 90 (1985). For these reasons, the plaintiff's challenge to the validity of Judge Evans' special appointment shall be dismissed.

## Judicial Immunity

Under the facts of the instant case, Judge Evans enjoys absolute immunity from suit, as all of the acts about which Champluvier complains were judicial in nature. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Courts must construe a judge's jurisdiction broadly where the issue is the immunity of the judge. *Stump* 435 U.S. at 356; *Crooks v. Maynard*, 913 F.2d 699, 701 (9th Cir. 1990).

> The Supreme Court discussed the policy supporting absolute judicial immunity:
>
> As a class, judges have long enjoyed a comparatively sweeping form of immunity, though one not perfectly well defined. Judicial immunity apparently originated, in medieval times, as a device for discouraging collateral attacks and thereby helping to establish appellate procedures as the standard system for correcting judicial error. See Block, *Stump v. Sparkman* and the History of Judicial Immunity, 1980 Duke L. J. 879. More recently, this Court found that judicial immunity was "the settled doctrine of the English courts for many centuries, and has never been denied, that we are aware of, in the courts of this country." *Bradley v. Fisher*, 13 Wall. 335, 347 (1872). Besides protecting the finality of judgments or discouraging inappropriate collateral attacks, the *Bradley* Court concluded, judicial immunity also protected judicial independence by insulating judges from

vexatious actions prosecuted by disgruntled litigants. *Id.*, at 348.

> If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits, *Id.*, at 660-661. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication. Nor are suits against judges the only available means through which litigants can protect themselves from the consequences of judicial error. Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability. *Id.*, at 226-227.

*Forrester v. White*, 484 U.S. 219, 226-227 (1988).

Even though litigants may occasionally face injustice through its use, judicial immunity protects the freedom of judges to make decisions based solely upon the merits, "without apprehension of personal consequences to [themselves]." *Mireles v. Waco*, 502 U.S. 9 (1991). Not even allegations of malice or bad faith can overcome judicial immunity. *Mireles,* 502 U.S. at 11-12. In only two instances does judicial immunity not apply – leaving a judge open to liability for his actions: (1) for non-judicial actions, and (2) judicial actions taken in the complete absence of all jurisdiction. *Id.* An act is judicial if its nature or function is judicial, even if the act taken was improper, erroneous, or was in excess of a judge's authority. *Id.* at 12-13. A court must "look to the particular act's relation to a general function normally performed by a judge." *Id.* Even a judge's act in an informal *ex parte* proceeding is judicial in nature – as long as the court had jurisdiction to proceed. *Forester*, 484 U.S. at 227, 108 S.Ct. at 544.

All of Judge Gray Evans' actions the plaintiff complains of were judicial in nature. He was duly appointed as a judge to preside in the plaintiff's embezzlement case. All the actions he took regarding Deborah Champluvier were judicial in nature. As such, Judge Evans enjoys

absolute immunity from this suit. Judicial immunity for Judge Evans is also supported by the fact that other ways exist to correct judicial error, such as reconsideration, direct appeal, state post-conviction remedies, and federal *habeas corpus*. *Dellenbach v. Letsinger*, 889 F.2d 755, 762 (7th Cir. 1989). That is what happened in this case. Champluvier appealed her conviction, and the Mississippi Supreme Court reversed the conviction and set her free. As such, Champluvier's claims against Judge Evans must fail because he enjoys absolute immunity.

For these reasons, all of the plaintiff's claims shall be dismissed with prejudice for failure to state a claim upon which relief could be granted – and because the plaintiff seeks monetary relief from one who is immune from suit. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 30th day of June, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE